UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:07CR-20-R

UNITED STATES OF AMERICA                                   PLAINTIFF

v.

LLOYD AARON SMITH
NEAL GORDON WALL                                          DEFENDANTS

## OPINION AND ORDER

This matter is before the Court upon the Defendants' Motions to Transfer (Docket #19, Docket #21). The United States has responded (Docket #22) and Defendant Smith has replied (Docket #23). This matter is ripe for decision.

The Defendants ask that this case be transferred to the Western District of Tennessee, Memphis Division, for the convenience of the parties and in the interest of justice. Federal Rule of Criminal Procedure 21(b) governs transfer of venue for convenience:

> (b) For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice.

The decision to transfer this case rests within the discretion of the Court. *Platt v. Minnesota Mining Manufacturing Co.*, 376 U.S. 240, 245 (1964). In *Platt*, the Supreme Court approved of a number of factors that a district court could consider in reviewing a motion to transfer under Rule 21(b). These factors include the following:

> (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

*Id.* at 243-44.

The Defendants assert that the balance of these factors weighs in their favor. The Court, however, does not believe that a transfer of this case is warranted. First, the Defendants assert that they both live in Dyersburg, Tennessee, which is located in the Western District of Tennessee. Dyersburg, however, is not far from Paducah, and the difference in distance between Dyersburg and Paducah and Dyersburg and Memphis is negligible. The Defendants will be required to travel no matter where the trial is held.

Second, the Defendants contend that most of their potential witnesses reside in the Western District of Tennessee. However, these witnesses will be required to travel no matter where the trial of this case is conducted, and many will be required to travel no farther than the Defendants themselves. The United States will call witnesses from states other than Tennessee, but these witnesses will also be required to travel, by air or a significant distance by personal vehicle, regardless of the trial's location. The Court notes the possible convenience of flying into Memphis versus flying into Paducah, but few witnesses will required to travel by air, and it is not logistically impossible for these witnesses to travel into Paducah.

Third, the events in issue took place in both Kentucky and Tennessee. The events allegedly began with a loan fraudulently obtained from The Citizens Bank of Hickman, Kentucky, the proceeds of which were credited to the Hickman Mills, Inc. account at the bank. Hickman Mills, Inc. was the textile company owned and operated by the Defendants and located in Hickman, Kentucky. Some of these loan proceeds were allegedly transferred to banks in western Tennessee. The indictment also alleges that in the Western District of Kentucky, Christian County, the Defendants devised a scheme to defraud the Tennessee Valley Authority,

2

the offices of which are located in Nashville, Tennessee, and not Memphis.  The indictment also alleges various criminal monetary transaction in locations outside of both Kentucky and Tennessee.  The alleged events originated in the Western District of Kentucky, and the Court does not believe that any other single location is so connected to the alleged events as to warrant a transfer.

Fourth, the pertinent records resulting from the investigation of this case are retained by federal agents in Paducah.  While it is not difficult to transfer such records in today's world, and further documentation is likely to be discovered outside of the Western District of Kentucky, it is the federal agents in Kentucky who conducted the investigation of the Defendants and are familiar with the case and the associated records.  While the Defendants may produce records currently located in the Western District of Tennessee, this is not enough to tip the scale in their favor, given the easy transferability of such records.

Fifth, the Court does not believe that the disruption of the Defendants' business is a factor of considerable weight.  Whether the trial is conducted in Memphis or Paducah, the Defendants will be required to leave Dyersburg each day, and their respective businesses or work must be put on hold during that time.  That cannot be avoided in a prosecution such as this. As previously discussed, the difference in travel time is negligible.

Sixth, if the Defendants plan to lodge themselves at home in Dyersburg should the trial be conducted in Memphis, the Court does not see why they cannot do the same should be trial be conducted in Paducah, given that there is little difference in travel time.  Out of town witnesses can be lodged in Paducah as easily as they may be lodged in Memphis.  Attorneys for the Government will be required to travel no matter where the case is tried, but should the case be

3

transferred out of Kentucky, a non-financial cost will be assessed against the Government.

The United States Attorney's office in Kentucky has spent considerable time investigating and familiarizing itself with this complex case. Should the case be transferred, the United States Attorney's office in Tennessee will be required to spend time familiarizing itself with the case. The time required to do so will, in essence, be assessed as a cost to both the Government and the Defendants.

Seventh, the Court does not believe that the Defendants' decision to retain counsel based out of Jackson and Memphis, Tennessee, is a factor to be accorded much weight. Neither Defendant resides in those cities, and they are presumably already traveling to meet with their counsel. Retained counsel from around the country routinely appear before this Court. While it may reduce the defense costs should the trial be moved to Memphis, the Court has not been provided with such proof. Counsel for the Defendants are members of established law firms with sufficient resources to continue the practice of law in their absence.

Eighth, Paducah is more than adequately accessible for the purposes of this trial. It is located on a major interstate. Its resources serve a large regional population and the city has a number of lodging, dining, and workspace options. It also has an airport and is a short drive from a number of other regional airports.

Finally, the Court believes that it will be able to work with the Government and the Defendants' counsel to set a schedule and a trial date that will be mutually agreeable and reasonable. This case was filed in this Court, various proceedings have already been held here, and the Court has the resources and time to conduct the trial. The Court sees no benefit in transferring the case to another court, the docket condition of which is unknown.

4

Based on all of these considerations, the Court will deny the Defendants' Motions to Transfer.

**IT IS HEREBY ORDERED** that the Defendants' Motions to Transfer are **DENIED**.